# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3956 | **DATE** | 1-14-2013 |
| **CASE TITLE** | Anthony White (2010-0128168) vs. Supt. Marici, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's application for leave to proceed *in forma pauperis* [6] is granted. The court authorizes and orders Cook County Jail officials to deduct $12.17 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. Plaintiff is allowed until 2/12/2013 to submit an amended complaint (plus a Judge's copy and service copies) limited to a single, core claim in accordance with this order. The Clerk shall provide Plaintiff with an amended civil rights complaint form, instructions for filing, and a copy of this order. If Plaintiff does not submit a proposed amended complaint by 2/12/2013, this case will be summarily dismissed. Plaintiff's motion for appointment of counsel [4] is denied without prejudice.

■[ For further details see text below.]    Docketing to mail notices.

# STATEMENT

   Pro se plaintiff Anthony White, a Cook County Jail detainee, brought this civil rights suit pursuant to 42 U.S.C. § 1983.

   Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $12.17. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the Plaintiff's trust fund account and to pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

   The complaint alleges that Plaintiff was assaulted by fellow inmates in July 2010, September 2010, and January 2012. The complaint names the attacking inmates and Superintendent Marici as defendants. Plaintiff does not allege that Marici has any personal involvement in the attacks. The complaint is unacceptable for two reasons.

# STATEMENT

First, Plaintiff cannot bring claims regarding these three unrelated events in one complaint. A prisoner is limited to one core group of related claims in any single lawsuit. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). "Unrelated claims against different defendants belong in different suits . . . ." *George*, 507 F.3d at 607. Accordingly, Plaintiff must choose a single assault to pursue under this case number. The other two assaults must be brought in two separate lawsuits, unless there is a properly named common defendant for each incident. Plaintiff should also be aware that he will be responsible for filing fees and must comply with the requirements of the PLRA for each new suit he brings. Before filing any new suits, Plaintiff should be aware that § 1983 suits can be brought only against government officials, such as correctional guards; a fellow detainee is not a proper defendant in a § 1983 suit. *See London v. RBS Citizens, N.A.*, 600 F.3d 742, 746 (7th Cir. 2010) (citations omitted). Furthermore, government officials can be held liable only for their own personal violations; their status as a supervisor is insufficient by itself to establish liability. *See Matthews v. City of E. St. Louis*, 675 F.3d 703, 708-09 (7th Cir. 2012).

Second, the complaint does not state a viable claim against Defendant Marici. "The Due Process Clause of the Fourteenth Amendment protects pre-trial detainees from punishment and places a duty upon jail officials to protect pre-trial detainees from violence." *Fisher v. Lovejoy*, 414 F.3d 659, 661 (7th Cir. 2005); *see also Lewis v. Richards*, 107 F.3d 549, 552-53 (7th Cir. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 831-33 (1994)). However, not every act of inmate-on-inmate violence results in a constitutional violation. *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006). To state a claim of this nature, Plaintiff must allege that (1) he faced a grave risk and (2) the defendant was deliberately indifferent to the risk. *See Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008).

As to the grave risk requirement, which is called the objective requirement, Plaintiff must allege that "(1) he suffered an objectively sufficient serious injury; and (2) he was incarcerated under conditions posing a substantial risk of serious harm." *Ibid*. (citing *Farmer*, 511 U.S. at 834). A condition that poses a substantial risk of harm is one where the "risks [are] so great that they are almost certain to materialize if nothing is done." *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005). This standard has been analogized to the threat posed by inherently danger situations such as placing a detainee in a cell with a cobra. *Id*. at 911 (citing *Billman v. Indiana Dep.'t of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995)). As to the deliberate indifference requirement, which is called the subjective requirement, the complaint must allege facts indicating that the defendant "'effectively condone[d] the attack by allowing it to happen.'" *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (quoting *Lewis*, 107 F.3d at 553). "[D]efendants [must have] actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from defendants' failure to prevent it." *Santiago*, 599 F.3d at 756 (quoting *Lewis*, 107 F.3d at 553). "Mere negligence or even gross negligence does not constitute deliberate indifference." *Borello*, 446 F.3d at 749. However, "[a] prison official cannot escape liability by showing that he did not know that a plaintiff was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Dale*, 548 F.3d at 569 (citations omitted). "The ultimate measure of the adequacy of the response is therefore reasonableness in light of the surrounding circumstances." *Ibid*.

A common fact pattern for liability in this type of case is when a correctional officer ignores repeated detainee complaints that the detainee is under the threat of violence and there is a subsequent assault. *Borello*, 446 F.3d at 749 (citing *Velez v. Johnson*, 395 F.3d 732, 736-37 (7th Cir. 2005); *Haley*, 86 F.3d 642); *see also Brown*, 398 F.3d at 914. An alternative permissible theory is that a correctional officer knowingly took actions that exposed a detainee to a serious injury. *See Case v. Ahitowi*, 301 F.3d 605, 607 (7th Cir. 2002); *Billman*, 56 F.3d at 788. The complaint does not plausibly allege that Marici ignored Plaintiff's

| STATEMENT |
|---|

complaints that he was under a risk of assault or that Marici otherwise took actions that knowingly exposed Plaintiff to a serious risk of injury.

Plaintiff has until February 12, 2013, to submit a proposed amended complaint (on the court's amended complaint form) that fixes the foregoing problems with the original complaint. Plaintiff must write both the case number and the judge's name on the proposed amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge, and must also submit a service copy for each defendant named in the proposed amended complaint. Plaintiff is cautioned that the proposed amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations that Plaintiff wishes the court to consider must be set forth in the proposed amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider must be attached, and each copy of the proposed amended complaint must include complete copies of any and all exhibits.

Plaintiff's motion for appointment of counsel is denied without prejudice because he has failed to make a reasonable effort to obtain his own attorney. *See Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Plaintiff must request pro bono assistance from law firms or legal assistance organizations before he may request counsel from the court. He should include copies of the letters he receives from these entities responding to his requests in any renewed motion for counsel.