UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 3956 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| ANTHONY AQUINO, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

In this suit under 42 U.S.C. § 1983, Anthony White claims that Anthony Aquino, a correctional officer at the Cook County Department of Corrections, failed to protect him from an assault by another inmate. Doc. 11 (amended complaint); Docs. 20-21 (identifying the defendant as "Anthony Aquino"). Aquino moved for summary judgment, arguing that White failed to exhaust his administrative remedies and, in the alternative, that White did not adduce sufficient evidence to allow a reasonable jury to return a plaintiff's verdict on his claim. Docs. 34, 36. The court recruited counsel on White's behalf, Doc. 40, and then directed White to respond only to the exhaustion argument in Aquino's summary judgment motion, Doc. 43. Recruited counsel filed on White's behalf an opposition brief, a Local Rule 56.1(b)(3)(B) response, and a Local Rule 56.1(b)(3)(C) statement. Docs. 44-45. Because the undisputed facts show that White failed to exhaust his administrative remedies, Aquino's summary judgment motion is granted.

The material facts are set forth as favorably to White as the record and Local Rule 56.1 permit. *See Hanners v. Trent*, 674 F.3d 683, 691 (7th Cir. 2012). At all relevant times, White was a pretrial detainee at the Cook County Department of Corrections, also known as Cook County Jail. Doc. 35 at ¶¶ 4-6, 9-10; Doc. 44 at p. 2, ¶¶ 4-6, 9-10; Doc. 46 at ¶ 1. White told

1

Aquino that he and an inmate named "Reese" had fought, saying: "Me and Reese, we had some problems about some books, and we had another altercations [sic], it wasn't too serious." Doc. 35 at ¶¶ 17-19, 21; Doc. 44 at pp. 3-4, ¶¶ 17-19, 21. When Aquino asked "do you think it is going to be a problem," White responded, "we were probably going to continue to have problems," and asked to be kept separate from Reese. Doc. 35 at ¶ 21; Doc. 44 at pp. 1, 3-4, ¶¶ 1, 21. According to White, Aquino nonetheless allowed Reese out of his cell on January 9, 2012, in violation of prison protocol. Doc. 35 at ¶¶ 1, 7-9; Doc. 44 at pp. 1-2, ¶¶ 1, 7-9. Reese then approached White, the two fought, and White sustained a broken hand that required surgery. Doc. 35 at ¶¶ 2, 10-16, Doc. 44 at pp. 1-3, ¶¶ 2, 10-16.

Aquino argues that White did not satisfy the exhaustion requirements of the Prison Litigation Reform Act ("PLRA"). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 … until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002). The exhaustion requirement applies to pretrial detainees like White. *See Burton v. Ruzicki*, 258 F. App'x 882, 885 (7th Cir. 2007); *Twitty v. McCoskey*, 226 F. App'x 594, 596 (7th Cir. 2007); *Curtis v. Timberlake*, 436 F.3d 709, 711-12 (7th Cir. 2005). To satisfy the requirement, a pretrial detainee "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

White acknowledges the PLRA's exhaustion requirement and also that Cook County Jail had a grievance process. Doc. 35 at ¶ 23; Doc. 44 at p. 4, ¶ 23; Doc. 45 at 3-7. (It of course is beyond any reasonable dispute that Cook County Jail had a grievance process. *See Walker v. Sheahan*, 526 F.3d 973, 975-76 (7th Cir. 2008); *Brengettcy v. Horton*, 423 F.3d 674, 679 (7th Cir. 2005); *Russell v. Cuellar*, 2014 WL 1775623, at *3 (N.D. Ill. May 5, 2014); *Williams v.

*Patel*, 2013 WL 6019543, at \*4 (N.D. Ill. Nov. 13, 2013); Cook County Sheriff's Order, Inmate Grievance Procedure, No. 11.14.5.0 (Jul. 14, 2011).) And White concedes he did not file a grievance complaining about Aquino's alleged failure to protect him on January 9, 2012. Doc. 35 at ¶ 27; Doc. 44 at p. 4, ¶ 27. White asserts, however, that his suit should not be dismissed for failure to exhaust because he did not know that he had to submit a grievance before filing suit, because he was unaware of the proper grievance procedures at Cook County Jail, and because he believed that grievances were required only when prison officials refused to correct a problem after the detainee brought the problem to a prison official's attention. Doc. 44 at pp. 5-6, ¶¶ 1-9; Doc. 45 at 5-7.

White's assertion that he lacked knowledge about the Jail's grievance procedures is highly dubious given his extensive history of filing grievances at the Jail. Doc. 35 at ¶¶ 25-26 (demonstrating that White filed fifteen grievances and five appeals while detained at the Jail between January 2010 and May 2013); Doc. 44 at p. 4, ¶¶ 25-26 (White admitting the same). In any event, even if White truly lacked knowledge about the grievance procedures or the requirement that grievances be filed as a prerequisite to suit, Aquino still would be entitled to summary judgment. In *Twitty*, the Seventh Circuit held that "[a] prisoner's lack of awareness of a grievance procedure … does not excuse compliance [with § 1997e(a)]." 226 F. App'x at 596 (rejecting the plaintiff's contention that "the jail failed to make him aware of the procedure, and that this omission should excuse him from having to formally comply with it"); *accord*, *e.g.*, *Brock v. Kenton Cnty.*, 93 F. App'x 793, 797-98 (6th Cir. 2004) (citable pursuant to 6th Cir. R. 32.1(a)); *Gonzales-Liranza v. Naranjo*, 76 F. App'x 270, 272-73 (10th Cir. 2003) (citable pursuant to 10th Cir. R. 32.1(C)). As *Twitty* explains, § 1997e(a) "says nothing about a prisoner's subjective beliefs, logical or otherwise, about administrative remedies that might be

available to him.  The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Twitty*, 226 F. App'x at 596 (internal quotation marks omitted) (quoting *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000)).

Because White failed to satisfy the exhaustion requirement of § 1997e(a), and because the excuse he offers for his failure is insufficient as a matter of law, Aquino is entitled to summary judgment.  As the judgment rests on exhaustion grounds, the dismissal of White's claims against Aquino is without prejudice.  *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice"); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar the reinstatement of the suit unless it is too late to exhaust ….").

The court expresses its appreciation to Stephen Todd Bobo of Reed Smith LLP, the attorney recruited to represent White, for his very able service to his client and, by extension, to the court.

May 30, 2014

United States District Judge